UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, et al.,

         Petitioners,

  -v-

ANTHONY RIVARA CONTRACTING, LLC,

         Respondent.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/2014

14 Civ. 1794 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

  On March 14, 2014, the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational, and Industry Fund; the Trustees of the New York City Carpenters Relief and Charity Fund; the New York City and Vicinity Carpenters Labor Management Corporation; and the New York City District Council Carpenters (collectively, "petitioners") commenced this action to confirm an arbitration award ("Award") issued against respondent Anthony Rivara Contracting, LLC ("Rivara"). Dkt. 2 ("Petition"). This action was filed under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3); Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Petitioners also seek interest plus attorney's fees and costs incurred during this proceeding.

The Petition was served on Rivara on March 27, 2014.  Dkt. 3.  On April 10, 2014, the Court directed Rivara to file its opposition by May 22, 2014, a deadline later extended to June 27, 2014.  Dkt. 4, 12.  To date, Rivara has not opposed the Petition or otherwise appeared in this action.

For the following reasons, the Award is confirmed, and petitioners' requests for interest and attorney's fees and costs are granted.

**I.    Background**[1]

Since at least February 24, 2010, Rivara has been a member of the General Contractors Association of New York ("GCA").  Dkt. 10 ("Declaration") Ex. A.  As a member of the GCA, Rivara must comply with a collective bargaining agreement (the "Agreement") executed by various labor organizations.  Declaration Ex. A, C.  Under the Agreement, Rivara was required to contribute to certain fringe benefit funds for every hour its covered employees worked.  *See* Agreement at 31–32.  To ensure compliance, the Agreement authorized those funds to audit Rivara's books and records.  *Id.* at 36.  If Rivara failed to comply with an audit request, a policy incorporated by reference in the Agreement authorized the fringe benefit funds to estimate Rivara's delinquent contributions based on the company's past remittances.  *See* Declaration Ex. D ("Collection Policy") at 6–7; Agreement at 32 ("The Employer will comply with procedures established by the Benefit Fund Trustees to assure that the employee receives the benefit contribution . . .").  A dispute arose when Rivara failed to remit $362,385.13 in contributions identified as delinquent during an audit conducted by petitioners.[2]  Petition ¶¶ 12–13.

---

[1] The facts are drawn from the Petition, Dkt. 2, and supporting Declaration, Dkt. 10.

[2] Petitioners' submissions are inconsistent as to how the auditors arrived at this amount.  According to petitioners' Declaration and the Arbitrator's Award, Rivara refused to allow the auditors to examine the corporate books and records, so the funds estimated the delinquent

Article XI, Section 11 of the Agreement contains an arbitration clause stating that "either party may seek arbitration" to resolve "any dispute or disagreement."  Agreement at 39.  A separate section on "disputes" contains stronger language compelling arbitration: it states that any dispute not resolved through the labor organizations' internal grievance procedure "*shall be* submitted to arbitration."  *Id.* at 13 (emphasis added).  The arbitration clause further provides that the arbitrator's award "shall be final and binding" and "shall be wholly enforceable in any court of competent jurisdiction."  *Id.* at 39.  Under the Agreement, if court proceedings are later instituted to collect delinquent contributions to fringe benefit funds, the employer must pay the unpaid contributions plus "interest on the unpaid contributions determined at the prime rate of Citibank plus 2%," "liquidated damages of 20% of the amount of the unpaid contribution," and "reasonable attorney's fees and costs of the action."  *Id.* at 35–36.

Pursuant to the Agreement, petitioners submitted the dispute to arbitration.  Petition ¶ 14.  On January 24, 2014, arbitrator Roger Maher held a hearing.  *See* Petition Ex. A ("Award") at 1.  Despite having received notice of the arbitration, Rivara did not appear or request an adjournment.  *Id.* at 2.  The arbitrator accordingly found Rivara in default, and heard evidence submitted by petitioners.[3]  *Id.*

On January 31, 2014, the arbitrator issued an Opinion and Default Award.  *See* Award at 1.  Based on the "substantial and credible evidence" petitioners had presented, the arbitrator

---

amount based on past remittances.  Declaration ¶¶ 8–9; Award at 1.  By contrast, the Petition alleges that "Plaintiffs conducted an audit" and makes no mention of a failure to furnish books and records.  Petition ¶¶ 11–13.  Regardless of the method of calculation, petitioners have consistently contended that Rivara failed to remit delinquent contributions totaling $362,385.13.  *See* Petition ¶ 12; Award at 2, 3; Declaration ¶ 10.

[3] The Agreement authorizes the arbitrator "to conduct an ex parte hearing in the event of the failure of either party to be present at the time and place designated for the arbitration" and "to render a decision based on the testimony before him at such hearing."  Agreement at 13.

found that Rivara was bound by the Agreement effective April 27, 2010, and had failed to permit petitioners' auditors to examine the corporate books and records for the period between June 29, 2011, and September 23, 2013. *Id.* at 2. The arbitrator awarded a principal amount of $362,385.13—the auditors' estimated amount of delinquent contributions—plus interest at the rate of 5.25% to accrue from the date of the Award, liquidated damages, Promotional Funds, attorney's fees, arbitrator's fees, and costs, for a total of $461,991.73, excluding interest. *Id.* at 3. To date, Rivara has not paid the Award. Petition ¶ 17.

On March 14, 2014, petitioners filed their Petition (styled as a Complaint) to confirm the arbitration Award. Dkt. 2. Petitioners seek a judgment confirming the Award, a sum of $461,991.73, interest on the $362,385.13 in delinquent contributions, and attorney's fees and costs incurred in this action. Petition ¶¶ (1)–(4). Rivara was served on March 27, 2014, Dkt. 3, and received notice of the present action on four other occasions, Dkt. 5, 7, 11, 13. On April 10, 2014, the Court issued an order construing the Complaint as an unopposed motion for summary judgment and directing Rivara to submit any opposition by May 22, 2014, later extended to June 27, 2014. Dkt. 4, 12. Rivara failed to appear or otherwise respond to any of petitioners' submissions. The petition remains unopposed.

**II.  Discussion**

    **A.  Applicable Legal Standards**

The FAA provides a "streamlined" process for a party seeking a "judicial decree confirming an award." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462

F.3d 95, 110 (2d Cir. 2006) (citations omitted).  But "[a]rbitration awards are not self-enforcing." *Id.* at 104 (citation omitted).  Rather, "they must be given force and effect by being converted to judicial orders by courts."  *Id.*

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation."  *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Willemijn Houdstermaatschappij, BV v. Standards Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)).  Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'"  *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the burden of demonstrating the absence of a question of material fact.  In making this determination, the Court must view all facts "'in the light most favorable'" to the non-moving party.  *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).  To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether there are genuine issues of

material fact, the Court is "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."). Similarly, on an unopposed motion for confirmation of an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*.

*D.H. Blair*, 462 F.3d at 110 (citations omitted).

### B.     Confirmation of the Arbitration Award

The Court has reviewed in detail the Agreement, which includes an arbitration clause, and the Award. On that record, and based on the very limited review that is appropriate, the Court concludes that there is no material issue of fact in dispute. The arbitrator's opinion reflects a considered judgment, reached after reviewing the "substantial and credible evidence" submitted by the petitioners. Award at 2. The record therefore reflects much more than a "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d

at 797; *see also, e.g.*, *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party."). Accordingly, the Court confirms the Award and enters judgment for petitioners in the amount of $461,991.73.

### C.     Interest

Petitioners also seek interest from the date of the Award. Petition ¶ 4. The Agreement establishes that:

> In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s) . . . interest on the unpaid contributions determined at the prime rate of Citibank plus 2%.

Agreement at 35. The Collection Policy clarifies that the interest is to be "compounded daily, on a declining principal basis" and "shall accrue from the date the contributions *were due* to the date when payment of the contributions *is received*." Collection Policy at 8.

In general, "an arbitration award confirmed under the FAA bears interest from the date of the award until judgment confirming it." *In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005). However, the statute does not preclude private parties from reaching a different agreement. *Cf. Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004) (holding that parties may "contract out" of the default post-judgment interest rate established by 28 U.S.C. § 1961); *see also, e.g.*, *Abondolo v. H. & M. S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *3 (S.D.N.Y. May 12, 2008) (awarding interest in accordance with the terms of the agreement between the parties).

The Court therefore grants petitioners' request for interest as to the portion of the Award that reflects unpaid contributions, namely, the principal amount of $362,385.13. As specified in the Agreement, the interest will be compounded daily at a rate of 5.25% from the date of the Award until the date the payment is made in full.

### D. Fees and Costs Incurred in this Action

Finally, petitioners seek $1,335 in attorney's fees and costs incurred during this action. Declaration ¶ 23(c). The Agreement provides that, if court proceedings are instituted to collect delinquent fringe benefit fund contributions, the employer must pay "reasonable attorney's fees and costs of the action." Agreement at 36. Likewise, the Collection Policy states that "[i]f the matter proceeds to arbitration or litigation, the employer will be responsible for . . . attorneys' fees . . . and any other expenses incurred by the Funds . . . in collecting the delinquency, to the full extent permitted by applicable law." Collection Policy at 6.

The relevant statutes—ERISA, the LMRA, and the FAA—permit courts to award fees and costs, although they do not require that relief. *See, e.g.*, *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("Under ERISA, 'the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.'" (quoting 29 U.S.C. § 1132(g)(1))). Further, the Court may exercise its discretion to award fees and costs "when a party, without justification, fails to abide by an arbitration award." *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining Educ. & Indus. Fund v. Premium Sys., Inc.*, No. 12 Civ. 1749 (LAK) (JLC), 2012 WL 3578849, at *4 (S.D.N.Y. Aug. 20, 2012) (citing *First Nat'l*

*Supermarkets, Inc. v. Retail, Wholesale & Chain Store Emps.*, 118 F.3d 892, 898 (2d Cir. 1997)). "[C]ourts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Abondolo* 2008 WL 2047612, at *4 (collecting cases). Here, Rivara agreed to resolve disputes through binding arbitration and then refused to participate in the proceedings. To date, Rivara has flatly ignored his duties, failing to abide by the Award or to appear before the Court. Accordingly, the award of attorney's fees and costs is appropriate.

To support their request for fees and costs, petitioners submitted a Declaration explaining the underlying calculations and an invoice detailing the tasks performed and the hours worked by their counsel. *See* Declaration Ex. F. The Declaration and invoice show that one associate worked 2.3 hours billed at $225 per hour, and legal assistants worked 3.5 hours billed at $100 per hour. Courts in this Circuit have recently found fees at similar rates reasonable. *See, e.g.*, *Alliance Workroom Corp.*, 2013 WL 6498165, at *7; *Dejil Sys., Inc.*, 2012 WL 3744802, at *5 (collecting cases). The Court similarly so finds.

For these reasons, the request for attorney's fees and costs incurred during this proceeding is granted in the amount of $1,335.

## CONCLUSION

The Court confirms the January 31, 2014 Award and enters judgment in favor of petitioners in the amounts of:

(1) $461,991.73 against Rivara, pursuant to the Award;

(2) Interest on the $362,385.13 in unpaid contributions, to be calculated at a rate of 5.25% compounded daily from the date of the Award until the judgment is paid in full;

(3) $1,335 against Rivara for attorney's fees and costs incurred during this action.

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 2 and to close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: September 3, 2014
       New York, New York